# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

Case No. 1:23-cv-278

**WILLIAM MIGNERY**,
*Individually and on behalf of those similarly situated,*

    Plaintiff**,**

v.

**FINANCIAL BUSINESS AND CONSUMER SOLUTIONS INC** d/b/a **FBCS INC**,

    Defendant.

_____/

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff William Mignery, individually and on behalf of those similarly situated, ("Plaintiff") sues Defendant Financial Business and Consumer Solutions Inc *doing business as* FBCS Inc ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Indiana, residing in Kosciusko County, Indiana.

4. Defendant is a Pennsylvania corporation, with its principal place of business located in Hatboro, Pennsylvania.

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. This action involves debt arising from a transaction between the original creditor, JP Morgan Chase Bank, and Plaintiff, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

7. Plaintiff is the alleged debtor of the Consumer Debt.

8. Defendant is a debt collector governed by the FDCPA.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engaged in the business of collecting consumer debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. On a date better known by Defendant, Defendant sent Plaintiff a letter (the "Collection Letter") in an attempt to collect the Consumer Debt. Attached hereto as Exhibit "A" is a copy of the Collection Letter.

13. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of the Consumer Debt.

14. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

15. The Collection Letter is an attempt to collect a time-barred debt from Plaintiff by Defendant.

16. In the Collection Letter, Defendant asserts that the amount of the Consumer Debt is $14,397.42.

17. The Consumer Debt is a time-barred debt, *in that*, the creditor of the Consumer Debt cannot sue Plaintiff to recover or otherwise collect the Consumer Debt.

18. Defendant, by way of the documentation and information it (Defendant) was provided by the current creditor of the Consumer debt, knew that the Consumer Debt was a time-barred debt.

19. Defendant failed to disclose in the Collection Letter that the Consumer Debt is a time-barred debt.

20. Defendant failed to disclose in the Collection Letter that, because of the age of the Consumer Debt, Plaintiff cannot be sued for its (the Consumer Debt's) collection.

## CLASS ALLEGATIONS

21. This action is brought on behalf of the below defined "FDCPA Class."

22. The "**FDCPA Class**" consists of: (1) all persons with Indiana addresses (2) who received a letter (3) from Defendant (4) in attempt to collect a time-barred debt (5) without disclosing the fact that said debt is time-barred (6) during the twelve [12] months preceding the filing of this Complaint.

23. Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Indiana which attempt to collect a time-barred debt without also disclosing to the consumer that said debt was barred by the statute of limitations.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

24. Common questions of law and fact exist as to the proposed FDCPA Class and otherwise predominate over any issues involving only individual class members.

25. The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, whether said debt was time-barred, and whether Defendant failed to disclose in the letter that said debt was time-barred.

26. The principal legal issue for the FDCPA Class is whether Defendant, by attempting to collect a time-barred debt from the consumer without also disclosing that the underlying debt was time-barred, violated §1692e, § 1692e(2)(A), and § 1692f of the FDCPA.

27. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

## TYPICALITY

28. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

## ADEQUACY

29. Plaintiff is an adequate representative of the FDCPA Class.

30. Plaintiff will fairly and adequately protect the interests of the FDCPA Class.

31. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

## PREDOMINANCE AND SUPERIORITY

32. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e, § 1692e(2)(A) and § 1692f**

34. Plaintiff, individually and on behalf of all those similarly situated, incorporates by reference ¶¶ 6-33 of this Class Action Complaint.

35. Defendant violated § 1692e, § 1692e(2)(A), and § 1692f of the FDCPA because, in light of the least sophisticated consumer standard, the Collection Letter was a deceptive, misleading, unfair, and otherwise an unconscionable attempt to collect a time-barred debt.

36. First, the Collection Letter *does not* inform the least sophisticated consumer that Defendant **cannot** sue to collect the Consumer Debt, or for that matter, inform the least sophisticated consumer that the Consumer Debt is a time-barred debt.

37. Second, the Collection Letter *does not* inform the least sophisticated consumer that if the consumer made, or even agreed to make, a partial payment towards Consumer Debt, the

payment could restart the clock on the long-expired statute of limitations – or, put differently, revive a debt that had been long-dead.

38. Accordingly, Defendant violated failed § 1692e, § 1692e(2)(A), and § 1692f of the FDCPA by failing to sufficiently inform the least sophisticated consumer that the Consumer Debt was *absolutely* time-barred.

39. WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff and members of the FDCPA Class the following relief:

    (a)    Actual damages as provided under 15 U.S.C. §1692k;

    (b)    Statutory damages as provided under 15 U.S.C. §1692k;

    (c)    Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

    (d)    Such other or further relief as the Court deems proper.

DATED: July 4, 2023

Respectfully Submitted,

 /s/ Candace Arroyo
**CANDACE AROYO, ESQ.**
CA Bar No. 276894
E-mail: candace@resolvelawgroup.com
PRICE LAW GROUP
6345 Balboa Bvld, Building 2 Suite 247
Encino, CA 91316
Phone: (818) 600-5542